**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> $34,5353.00 IN U.S. CURRENCY et al., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:12-cv-0645-GMN-VCF <br><br> **ORDER** |

On April 17, 2012, this case began when the Government filed a Sealed Complaint for Forfeiture in Rem. (ECF No. 1). The Complaint alleged that six separate amounts of U.S. currency were seized from Paul Yavorski, Allan Dobkowski, and Frank Evans, and this currency should be forfeited to the Government. (*Id.*). On February 19, 2013, a federal Grand Jury sitting in the District of Nevada returned an Indictment for these three individuals—Yavorski, Dobkowski, and Evans—with thirty-one counts related to conducting an illegal gambling business and money laundering, along with eight criminal forfeiture allegations. (*See* Indictment, *United States v. Dobkowski*, Case No. 2:13-cr-070-GMN-PAL, ECF No. 1 (D. Nev. Feb. 19, 2013)). Currently, Defendant Evans pled guilty and was sentenced on January 29, 2015, Defendant Yavorski has pled guilty but has not yet been sentenced, and Defendant Dobkowski is scheduled for a jury trial on August 22, 2016.

On May 19, 2016, the Court entered a Minute Order requiring the Government to show cause as to why this case should remain sealed. (ECF No. 13). The Government filed a timely Response as a Status Report. (ECF No. 14).

The Government opposes unsealing this case because it would "adversely affect the ability of the government to prosecute the criminal case." (Status Report 3:20–21, ECF No. 14).

The Government is specifically concerned that Yavorski and Dobkowski, who have yet to be sentenced, "may try to obtain discovery in this [civil] case to be used in the criminal case." (*Id.* 3:19). However, the majority of the Government's Status Report focuses on staying this case, rather than keeping it sealed. The few cases that the Government cites to support continuing to seal this case refer to the sealing of affidavits, transcripts of in camera proceedings, or search warrants, none of which are relevant here. (*See id.* 3:22–4:5).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has identified two categories of documents that are traditionally kept secret: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). A party seeking to seal a judicial record "must articulate compelling reasons." *Id.* (internal quotation marks omitted). This is a "high threshold showing." *Id.* at 1180.

Here, the Court finds that the instant case fails to fall into the two identified categories traditionally kept secret. Further, the Government has not "articulate[d] compelling reasons" or met the "high threshold showing" necessary to compel this case to remain sealed. Accordingly, the Court orders that this case be unsealed.

Nevertheless, the Court agrees with the Government that this case should remain stayed to prevent any discovery while the criminal case remains open. *See* 18 U.S.C. § 981(g)(1).

Accordingly,

**IT IS HEREBY ORDERED** that this case, 2:12-cv-645-GMN-VCF, be **unsealed**.

**DATED** this 28 day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court